Garland, J.
The plaintiff, alleges that he is the owner and possessor of a tract of land lying between the river Amité and the bayou Manchac, and that the defendants have committed various trespasses on it, by cutting and carrying away valuable timber, for which he asks two thousand dollars as damages. The defendants aver, that they are not indebted in any manner or sum to the plaintiff; that he is not the owner of the laud on which the trespasses are alleged to have been committed, and never had possession of it, nor is entitled to possession thereof; and they deny, generally, all the allegations.
The petition was filed on the 20th July, 1342. On the trial, it was shown that the title to the land was confirmed to the author of the plaintiff’s title, by an act of Congress passed fourteen days previously. The claim was recommended for confirmation in 1837, by the Register and Receiver, on proof of settlement and cultivation by one Ruckman, from the year 1790 to 1804. There is no proof of any actual occupancy by the original settler or the plaintiff, since the latter period. The plaintiff’ purchased the land of an heir of Ruckman, in February, 1840, by notarial act., for the sum of three hundred dollars ; buthe does *21 not appear to have exercised any open acts of ownership over it, until the commencement of this suit. On the township map, made in the year 1830, and produced by the plaintiff as evidence, the land is represented as public. The surveyor who returned this map, says, that he always considered the land as belonging to the United States, and that when the defendants went on it to cut timber, he ran out the lines for them and told them it was public land. The neighbors considered it as public; and the person residing on the adjoining land had only heard of the plaintiff’s claim, a short time before the commencement of this suit. It does not appear that any location or survey has ever been made of the claim. The evidence shows, that the defendants went on the land with a number of laborers, and cut a largo quantity of oak timber, for the purpose of making staves. When the suit was commenced, there were between fifty and sixty thousand already made, and about twenty trees were cut down, which were afterwards made into staves by the defendants ; but how many they made, is not shown. Some of the witnesses think the trees worth more than the soil; others think the soil more valuable. One witness says, that the value of a tree, suitable to make staves, is about fifty cents. When the staves are made, their value is about twenty dollars' per thousand. How many trees were cut altogether is not shown. One witness says, that he sold the defendants timber, from his land, for one hundred dollars; and thinks the defendants cut double as much on the plaintiff’s land as he (witness) sold to them.
Upon the evidence laid before them, the jury found a verdict in favor of the plaintiff for nine hundred dollars. The Judge refused the defendants a new trial, for which they had applied on the ground of the verdict’s being against law and evidence, and the damages excessive ; and he finally gave a judgment against them, from which this appeal has been taken.
We are of opinion, that the plaintiff has shown a sufficient title to the land, to enable him to maintain his action, as the defendants are trespassers, and do not themselves set up any title. The evidence also shows, that the plaintiff is entitled to damages; but we think the sum allowed by the jury excessive. The plaintiff gave only $300 for the whole tract of 640 acres. It is not *22 pretended that all the timber has been cut off of it; although, one witness says, that most of what was fit for staves has been cut. But that which remains, is, we suppose, worth something ; and the land also has some value. The plaintiff possibly purchased it at a low price, as the title was not confirmed by Congress at the time. The defendants took away all the staves; and it appears that the jury allowed their full value to the plaintiff. This, we think wrong, as no allowance is made for the labor and expense of making the staves. The case is not one in which the plaintiff is entitled to vindictive damages. The defendants were, we believe, ignorant of his right to the land, and thought it public. They purchased trees from, the known proprietor of a tract of land in the vicinity. They were mistaken in their supposition, and should, in justice, pay the value of the timber they used or destroyed, and for any injury the destruction of it has caused. This case is different from that of a party who wilfully and knowingly commits a trespass on private property ; and we must reverse the judgment, and remand the case for a new trial.
It is, therefore, ordered, that the verdict be set aside, the judgment annulled and reversed, and the cause remanded for a new trial, to be proceeded in according to law; the plaintiff paying the costs of this appeal.